# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:19-cv-00544-KDB
# (CRIMINAL CASE NO. 3:94-cr-00110-3)

| | |
|---|---|
| WILLIAM HAMMOND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the parties' Emergency Consent Motion to Vacate Sentence under 28 U.S.C. § 2255. [Doc. 1]. The Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

**I.     BACKGROUND**

On July 6, 1994, Petitioner William Hammond ("Petitioner") was charged, along with two co-defendants, in a Bill of Indictment with one count of conspiracy to commit attempted bank larceny, in violation of 18 U.S.C. § 371 (Count One); one count of possession of a destructive device and aiding and abetting the same, all in violation of 26 U.S.C. §§ 5845(a) and (f), 5861(c), 5871 and 18 U.S.C. § 2 (Count Two); one count of possession of an unregistered destructive device and aiding and abetting the same, all in violation 26 U.S.C. §§ 5841, 5845(a) and (f), 5861(d), and 5871 and 18 U.S.C. § 2 (Count Three); one count of damage by means of an explosive device and aiding and abetting the same, all in violation of 18 U.S.C. §§ 844(i) and 2 (Count Four); and one count of use of a destructive device in furtherance of a crime of violence, as set forth in Count Four, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Five).

[Doc. 1-2; Criminal Case No. 3:94-cr-00110-KDB-3 ("CR"), Doc. 1: Indictment].

On May 18, 1995, following a jury trial, Petitioner was found guilty on all five counts of his Indictment. [Doc. 1-2; CR Doc. 58: Verdict Sheet; see Doc. 1 at 3]. On October 5, 1995, Petitioner's sentencing hearing was held. [Doc. 1-4 at 3]. The Court sentenced Petitioner to a term of 120 months' imprisonment on Counts One through Four, each to run concurrently, and a consecutive term of 30 years' imprisonment on Count Five. [Id.]. On June 8, 2007, Petitioner filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 599 of the United States Sentencing Guidelines. [CR Doc. 106]. On April 9, 2009, this Court granted this motion and reduced Petitioner's sentence to a term of 70 month's imprisonment on Counts One through Four, to be served concurrently, followed by a consecutive term of 30 years' imprisonment on Count Five. [CR Docs. 123, 124].

Petitioner appealed his conviction to the Fourth Circuit Court of Appeals. The Fourth Circuit denied Petitioner's appeal and affirmed the Court's judgment. United States v. Hammond, No. 96-4231, slip op. at 1 (4th Cir. Feb. 11, 1997). On April 30, 2007, Petitioner filed his first Section 2255 motion [CR Doc. 104], which was dismissed by this Court as untimely [Doc. 105]. On May 16, 2016, Petitioner sought and was denied authorization from the Fourth Circuit to file a successive Section 2255 motion to make a vagueness challenge to his § 924(c) conviction under United States v. Johnson, 135 S. Ct. 2551 (2015).

Petitioner again sought authorization from the Fourth Circuit after the Supreme Court's recent decision in United States v. Davis, 138 S. Ct. 1204 (2019). On October 11, 2019, the Fourth Circuit granted Petitioner's request for authorization to file the instant successive petition [Doc. 1-1] and the instant motion followed. At issue is the constitutionality of Petitioner's conviction on Count Five for use of a destructive device in furtherance of a "crime of violence" in violation of

18 U.S.C. § 924(c)(1)(A). [See Doc. 1]. The parties agree that Petitioner's conviction under § 924(c) is invalid under Davis and jointly request that the Court vacate this conviction and sentence Petitioner to time served on the remaining counts of conviction. [Doc. 1 at 11].

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Over three years after Petitioner originally sought authorization from the Fourth Circuit to file a successive petition under Johnson, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence," which is substantially similar to the ACCA's residual clause, is "unconstitutionally vague." 139 S. Ct. at 2336. Therefore, under Davis, Petitioner's conviction on Count Five is valid only if Petitioner's arson offense qualifies as a "crime of violence" under § 924(c)'s force clause.

Section 924(c)'s force clause requires force against the person or property "*of another*." 18 U.S.C. § 924(c)(3)(A) (emphasis added). As such, an offense that can be made out by applying force to one's own property is not a qualifying offense under the force clause. See United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012). Petitioner's statute of conviction for Count Five, 18 U.S.C. § 844(i) provides (and provided at the time of Petitioner's alleged crimes):

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned….

18 U.S.C. § 844(i).

The Tenth Circuit's decision in United States v. Salas, 889 F.3d 681 (10th Cir. 2018) is highly instructive. In Salas, the defendant challenged his conviction and sentence under § 924(c)(1) for using a destructive device in furtherance of a crime of violence, which was based on a federal arson predicate "crime of violence." 889 F.3d at 683. The Court held that § 924(c)'s residual clause unconstitutionally is vague and vacated the defendant's conviction, implicitly concluding that the federal arson statute does not qualify as a crime of violence under the force clause. 889 F.3d at 686-87. Other courts have expressly held that arson under 18 U.S.C. 844(i) is not a crime of violence, primarily because it includes the use of force on one's own property. Evey

4

v. United States, No. 2:16-cv-08900-SVW, 2018 WL 6133407, at *5-6 (C.D. Cal. May 10, 2018); United States v. Lecron, No. 3:19cr4, 2019 WL 2774297, at *4-5 (N.D. Ohio July 2, 2019); see also United States v. Parsons, 993 F.2d 38 (4th Cir. 1993) (upholding a federal arson conviction under 18 U.S.C. § 844(i) against a defendant who burned her own home down for insurance proceeds).

Further, the Supreme Court recently noted that a state arson offense defined to include the destruction of one's own property would not qualify as a "crime of violence" under 18 U.S.C. § 16, which, like § 924(c), defines a "crime of violence" to involve the use of force against the person or property of another. Torres v. Lynch, 136 S. Ct. 1619, 1630 (2016). The Court agrees and, therefore, holds that arson under 18 U.S.C. § 844(i) is not a "crime of violence" as defined under 18 U.S.C. § 924(c)'s force clause.

As such, Petitioner's conviction under 18 U.S.C. § 924(c) is no longer valid and the Court must vacate it under Section 2255. Given the time already served by Petitioner, the Court will order that Petitioner be resentenced through an amended judgment to time served on Counts One through Four. United States v. Smith, 115 F.3d 241, 248 (4th Cir. 1997).

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) for the use of a destructive device in furtherance of a crime of violence is unconstitutional, the Court will grant the parties' Emergency Consent Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [Doc. 1]. The Court will further order that Petitioner's conviction under § 924(c) be vacated and that Petitioner be resentenced in accordance with this Order.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's petition under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED** and Petitioner's conviction is hereby **VACATED**;

(2) Inasmuch as Petitioner's conviction has been vacated, his custodial sentence is **AMENDED** to time served.

(3) Petitioner is **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service;

(3) To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten (10) days to comply with this order.

(4) The Clerk of Court will provide copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

**IT IS SO ORDERED.**

Signed: October 18, 2019

Kenneth D. Bell
United States District Judge